NAME Joseph Alfonso Duran

PRISON NUMBER V95938

CURRENT ADDRESS OR PLACE OF CONFINEMENT
Salinas Valley State Prison
P.O. Box 1050
CITY, STATE, ZIP CODE
Soledad, Ca 93960

FILED

2008 MAR -6  PM 4:34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

2254 ✓  1983
**FILING FEE PAID**
Yes ✓  No
**IFP MOTION FILED**
Yes ✓  No
**COPIES SENT TO**
Court ✓  PreSe

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0430 WQH RBB

(FULL NAME OF PETITIONER)
Joseph Alfonso Duran PETITIONER

v.

M.S. Evans, Warden,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT
and

The Attorney General of the State of
California, Additional Respondent.

Civil No _____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:
   San Diego Superior Court, South Bay Division
   500 Third Avenue
   Chula Vista, Ca 91910

2. Date of judgment of conviction: February 4, 2005

3. Trial court case number of the judgment of conviction being challenged: SCS181667

4. Length of sentence: 40 years to life

CIV 68 (Rev. Jan. 2006)

cv

5.  Sentence start date and projected release date: 1.11.04. , 2043

6.  Offense(s) for which you were convicted or pleaded guilty (all counts):
    Count 1; Carjacking - P.C. 215 (a), Count 2; Robbery, P.C. 211
    Count 3; Take Vehicle w/o Owners Consent - V.C. 10851 (a).

7.  What was your plea? (CHECK ONE)
    (a)  Not guilty        [✓]
    (b)  Guilty            [ ]
    (c)  Nolo contendere   [ ]

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a)  Jury              [✓]
    (b)  Judge only        [ ]

9.  Did you testify at the trial?
    [✓] Yes  [ ] No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    [✓] Yes  [ ] No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a)  Result: Denied
    (b)  Date of result (if known): Filed 1.16.07.
    (c)  Case number and citation (if known): D047059
    (d)  Names of Judges participating in case (if known): Benke, Acting P.J.,
         Nares, J.  O'Rourke, J.
    (e)  Grounds raised on direct appeal: The prosecution failed to disclose material
         exculpatory information until the last day of trial, Violating
         appellant's Constitutional and statutory right to timely
         receipt of the information. And also, the trial court abused its
         discretion when it denied appellant's motion for a new trial.

12. If you sought further direct review of the decision on appeal by the **California Supreme**
    **Court** (e.g., a Petition for Review), please answer the following:
    (a)  Result: Denied. (Petition for Review)
    (b)  Date of result (if known): 3.28.07
    (c)  Case number and citation (if known): D047059 / S150297

    (d)  Grounds raised: The reasons Petition for review in Supreme Court (California)
         filed solely to exhaust state remedies for purposes of litigation
         in the federal courts.
         I.  The prosecution failed to disclose material exculpatory information
             until the last day of trial, Violating appellant's constitutional and statutory
             right to timely receipt of the information!
         II. The trial court Abused its discretion when it denied appellant's motion
             for a new trial.

CIV 68 (Rev. Jan. 2006)

cv

**13.** If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: Not filed

    (b) Date of result (if known):

    (c) Case number and citation (if known):

    (d) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

**14.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?

    [✓] Yes [ ] No

**15.** If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known): HSC10826 ; SCS181667

    (b) Nature of proceeding: Appellate Case No: 0047059

Petition for Writ of Habeas Corpus

    (c) Grounds raised: 1) Petitioners due process rights were violated when the people failed to timely provide the follow-up report regarding the two casa leo men who were unable to identify petitioner. 2) Trial court committed error in admitting a 911 tape that indicated suspect fired a firearm when any firearm allegation(s) had previously been dismissed by the magistrate at preliminary hearing. 3) Petitioner was incompetent to give voluntary, informed consent + waiver to represent himself and trial judge erred by allowing petitioner to go pro-per.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

    [ ] Yes [✓] No

    (e) Result: Denied

    (f) Date of result (if known): 8.6.07

**16.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?

    [ ] Yes [✓] No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):

    (b) Nature of proceeding:

    (c) Names of Judges participating in case (if known)

    (d) Grounds raised:

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☐ No

    (f) Result:

    (g) Date of result (if known):

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☑ Yes ~~No~~

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known): D047059

    (b) Nature of proceeding: Petition For Review To Exhaust State Remedies.

    (c) Grounds raised: BRADY violation; The trial court abused its discretion when it denied appellants motion for a new trial.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☑ No

    (e) Result: Denied

    (f) Date of result (if known): 3.28.07

CIV 68 (Rev. Jan. 2006)

-4-

cv

20.  If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not: ~~first I am an inmate in~~ the mental health program (c.c.c.m.s.) in C.D.C. and am copying this entire information from another person and I was told that as long as I filed these grounds in Superior Court, that I could skip the Court of Appeals and California Supreme Court. Besides, if they denied my petition for review, why would they grant a Habeas Corpus? So that's why I didn't file this or Habeas Corpus in the California Court of Appeals or California Supreme Court.

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
   ☑Yes  ☐No      (IF "YES" SKIP TO #22)
   (a)  If no, in what federal court was the prior action filed?
   (i)  What was the prior case number?
   (ii)  Was the prior action (CHECK ONE):
      Denied on the merits?          ☐
      Dismissed for procedural reasons?  ☐
   (iii)  Date of decision:
   (b)  Were any of the issues in this current petition also raised in the prior federal petition?
      ☐Yes  ☐No
   (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
      ☐Yes  ☐No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE:** The prosecution failed to disclose material exculpatory information until the last day of trial, despite a specific request for discovery well in advance of trial, violating appellant's constitutional and statutory Supporting **FACTS:** right to timely receipt of the information. Also, the trial court abused its discretion when it denied appellant's motion for a new trial based on an erroneous view of the law / failed to apply the correct law.

(See attached for supporting facts)

**Did you raise GROUND ONE in the California Supreme Court?**

X Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for a Writ Petition for Review of direct appeal of Habeas Corpus

(2) Case number or citation: D004T059

(3) Result (attach a copy of the court's opinion or order if available): (See attached copy)

CIV 68 (Rev. Jan. 2006)

cv

# GROUNDS FOR RELIEF

Supporting FACTS:

Appellant represented himself at trial. On November 24, appellant filed a timely, pretrial request for discovery under penal code 1054.5 (b.) In it appellant specifically requested the names, addresses of each percipient witness(es) shown a photo line up involving appellant in this case, and the results and reports of any such reports. (CT 21-30.) Also, that the request be treated as a continuing request through the completion of trial. (CT 30.)

On 1.25.05. during the court hearing pre-trial motions, appellant contends that the people aren't being forthright with witnesses' list. The people/prosecution testified that the investigating officers' limited involvement was that of only generating the photo line up. (RT 377-378.)

On 2.3.05. trial resumed outside the presence of the jury for discussion of jury instructions. Appellant brought to the court's attention; the prosecution had just given appellant a three page detective follow up report which had not previously been provided in discovery. (CT 256-257.) Included in this report was information about two employee's of the auto dealership, Raquel Martinez-Robinson and Oscar Ochoa. Both of these individuals had seen the carjacker, Robinson spending about ten minutes of personal contact with the suspect, and both had been shown photo line up's containing a photo of appellant. After a hurried perusal of the detective report appellant asked to have it excluded from evidence, believing the two witnesses **had** identified him in the photo line up. (RT 505-509.) The discussion of this matter ended shortly and appellant resumed his cross-examination of Jose Garcia, the salesman who had identified appellant as the carjacker.

The evidentiary portion of the trial concluded, counsel argued, and the jury was partially

(continued)

instructed the same day. (CT 352-354.) Immediately after trial, when he had an opportunity to examine the report more closely, appellant realized it's true import; neither Ochoa nor Robinson had identified appellant as the carjacker despite the fact that appellant's photo was in the photo line up they viewed. (CT 270-271.) Appellant's appointed investigator interviewed the two witnesses, and those interviews led to a third witness from the same auto dealership, salesman Jose Morales. (CT 262-266; 242.) Like the two other eyewitnesses, Morales had seen the carjacker and spent time with him showing him jeep's, and believed he could identify the culprit. Morales was never interviewed by police. Appellant's investigator also interviewed detective Corders. In his declaration it was discovered that the detective report, written nine month's after the crime, was turned over to the prosecution shortly after it was written in September of 2004, well in advance of the trial, and two month's prior appellant's request for discovery and request for BRADY/WHEELER material. (CT 283-286; RT 718-719.)

    Now represented by counsel appellant brought a new trial motion. One basis of appellant's motion for a new trial was that his due process rights were violated when the government failed to timely provide to him specifically requested detective/police reports containing the names of two previously-unknown eyewitnesses who had seen the carjacker. (CT 234-240.) In ruling on the new trial motion, the trial court did not explicitaly rule or address this claim. (RT 728-731.) The trial court denied the new trial motion, brought on the basis of both the discovery violation and

(continued)

2

newly discovered evidence, reasoning that the information contained in the detective report would not lead to a different result. (RT 731.)

The trial court further explained the standard it applied by enunciating the standard applicable to claims of newly-discovered evidence. (RT 728-729.) At no point in its ruling did the trial court refer to or apply the correct standard applicable to a ruling on a BRADY claim. (RT 728-731.)

A reviewing court should find that the prosecution violated appellant's right to a fair trial and due process, when it withheld specifically requested evidence that was material to guilt, therefore favorable to appellant.

A reviewing court should also find an abuse of discretion when the trial court has based its decision on a erroneous view of the law, or has failed to apply the correct law in denying appellant's motion for a new trial. For these reasons, the trial court's order denying a new trial should be reversed.

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☑ Yes   ☐ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court: *California Supreme Court.*

(b) Case Number: *D047059*

(c) Date action filed: *2.16.08*

(d) Nature of proceeding: *Petition For Writ Of Habeas Corpus.*

(e) Name(s) of judges (if known):

(f) Grounds raised: (1). *Trial court abused its discretion in not ordering a competency hearing under P.C. 1368.*
(2) *Ineffective assistance of counsel prior to self-representation.*
(3) *Trial court allowed admission of evidence of previously dismissed charges-gun allegations.*
(4) *Trial court abused its discretion in allowing juror to go to the scene of the crime, and be compensated by the victim(s).*

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes   ☑ No   *(Still pending.)*

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing . . . . . . . . *Dwayne Moring, A.P.D.*
*500 Third Avenue*
*Chula Vista, Ca 91910*

(b) At arraignment and plea . . . . . . . *Albert Bradley, A.P.D.*
*500 Third Avenue*
*Chula Vista, Ca 91910*

(c) At trial . . . . . . . . . . . . . . . . . . . *In Propria Persona*

(d) At sentencing . . . . . . . . . . . . . *William D. Daley, Esq.*
*531 "H" Street*
*Chula Vista, Ca 91910*

(e) On appeal . . . . . . . . . . . . . . . . *Doris M. Frizzell*
*P.O. Box 9620*
*Salida, CO 81201*

(f) In any post-conviction proceeding . *None.*

(g) On appeal from any adverse ruling in a post-conviction proceeding: *None.*

CIV 68 (Rev. Jan. 2006)

-10-

cv

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☑ No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☑ No

   (a)  If so, give name and location of court that imposed sentence to be served in the future:

   (b)  Give date and length of the future sentence:

   (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes  ☑ No

**28.**  Consent to Magistrate Judge Jurisdiction

     In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

     The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

     You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☑ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.**  Date you are mailing (or handing to a correctional officer) this Petition to this court:

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_3.3.08_____          _Joseph Alfonso Duran_____
(DATE)                          SIGNATURE OF PETITIONER

CIV. 68 (Rev. Jan. 2006)

cv

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Joseph Alfonso Duran

*[stamp:]* 215 1983
FILING FEE PAID
Yes ___ No ✓
IFP ___ MOTION FILED
Yes ___ No ___
COPIES SENT TO ___
Cour... Pro Se...

*[stamp:]* 2008 MAR -6 PM 4: 34
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Monterey
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Joseph Alfonso Duran
PO Box 1050
Soledad, CA 93960
V-95938

**ATTORNEYS (IF KNOWN)**

'08 CV 0 430 WQH RBB

| **II. BASIS OF JURISDICTION** (PLACE an x IN ONE BOX ONLY) | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only) |
|---|---|

|  |  |  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
|  |  | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

## 28 U.S.C. 2254

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE ___ Docket Number ___

| DATE | March 6, 2008 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|---|

*[signature]* R. Miller