UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ALFONSO DURAN,<br><br>                    Petitioner,<br><br>          v.<br><br>M.S. EVANS, Warden,<br><br>                    Respondent. | Civil No.   08-0430 WQH (RBB)<br><br>**ORDER GRANTING PETITIONER'S REQUEST TO VOLUNTARILY DISMISS PETITION** |

On March 6, 2008, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a motion to proceed in forma pauperis. On March 12, 2008, this Court denied Petitioner's in forma pauperis request because Petitioner had not provided a certified trust account statement. The Court dismissed the matter without prejudice and with leave to amend. (*See* Doc. No. 3.) Petitioner filed a second motion to proceed in forma pauperis on March 21, 2008, which this Court granted on March 26, 2008. (*See* Doc. Nos. 7, 8.) The Court issued an Order to Respond setting a briefing schedule on April 2, 2008. (*See* Doc. No. 9.)

On May 2, 2008, the Court received a letter from Petitioner in which he states he wishes to withdraw his petition without prejudice because he is currently exhausting further claims in the California Supreme Court. Petitioner plans on presenting a petition to this Court in the future which contains all of his claims. (*See* Letter dated April 29, 2008 [doc. no. 12].) Petitioner

indicates he understands that "the one year time limit is being 'tolled' while pursuing a properly filed state habeas corpus petition," but expresses concern as to whether the tolling still applies to him if he asks for the current federal petition to be withdrawn. Petitioner also asks this Court to tell him when his statute of limitations expires. (*Id.*)

The Court cannot calculate the statute of limitations for Petitioner because it does not have sufficient information, including when state habeas petitions were filed and denied, whether a state court petition has been properly filed and whether Petitioner is eligible for equitable tolling. The Court can, however, detail the basic principles of exhaustion and the one-year statute of limitations.

## **EXHAUSTION**

Generally, applications for writs of habeas corpus that contain unexhausted claims must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, federal courts have the discretion to <u>deny</u> a habeas application on the merits notwithstanding a petitioner's failure to fully exhaust state judicial remedies. *See* 28 U.S.C.A. § 2254(b)(2) (West 2006); *Liegakos v. Cooke*, 106 F.3d 1381, 1388 (7th Cir. 1997). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of <u>every</u> <u>issue</u> raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). The petitioner must have raised the <u>very</u> <u>same</u> federal claims brought in the federal petition before the state supreme court. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* at 366.

/ / /
/ / /
/ / /
/ / /
/ / /

## **ONE-YEAR STATUTE OF LIMITATIONS**

A one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006). If the federal petition is filed after the statute of limitations has run, the petition will be summarily dismissed.

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, the filing of a <u>federal</u> habeas petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## **CONCLUSION**

The Court does not express any opinion as to whether the current petition is timely or whether any future petition will be timely. Further, Petitioner is cautioned that even though the current dismissal is without prejudice, any future federal petition must be filed before expiration

of the one-year statute of limitations. With those principles in mind, the Court **GRANTS** Petitioner's request to withdraw his petition without prejudice. The Clerk shall close the case.

**IT IS SO ORDERED.**

DATED: May 13, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge