1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JOSEPH ALFONSO DURAN,

                                Petitioner,

        vs.

MATTHEW CATE, Secretary of the
California Department of Correction and
Rehabilitation,

                                Respondent.

CASE NO. 08cv430-WQH-RBB

**ORDER**

HAYES, Judge:

        The matter before the Court is the Report and Recommendation (ECF No. 48) of
Magistrate Judge Ruben B. Brooks, recommending that the Court grant in part and deny in part
Petitioner Joseph Alfonso Duran's First Amended Petition for Writ of Habeas Corpus ("First
Amended Petition") (ECF No. 15) and deny Petitioner's request for an evidentiary hearing.

                                BACKGROUND

        In 2004, Petitioner was charged in San Diego County Superior Court with carjacking,
robbery, the unlawful taking and driving of a vehicle, and buying, receiving, concealing,
selling, or withholding a stolen vehicle.  During the pendency of his case, Petitioner sought to
represent himself.  At a hearing on October 28, 2004, the trial court asked Petitioner to fill out
an "Acknowledgment Concerning Right to Self-Representation" form pursuant to *People v.*

*Lopez*, 71 Cal. App. 3d 568 (1977).[1] (Lodgment No. 1 at 19). Paragraph two of the form identifies "[t]he maximum punishment(s) that can be imposed upon conviction for the offense(s)." *Id*. The first figure that appeared in paragraph two of the form was "9y." *Id*. The "9y" was crossed out and replaced with "18 years." *Id*. The "18" was crossed out and replaced with "20." *Id*. The final version, which Petitioner and the trial court signed, stated "20 years." *Id*.

Petitioner represented himself at trial. On February 4, 2005, the jury convicted Duran of carjacking, robbery, and the unlawful taking and driving of a vehicle. The jury found him not guilty of buying, receiving, concealing, selling, or withholding a stolen vehicle. Petitioner admitted convictions for assault with a deadly weapon on May 26, 1999, and theft of a firearm on March 1, 1991. Petitioner admitted two strikes and two prison priors, including one violent prison prior.

The trial court ultimately sentenced Petitioner to 35 years to life in state prison.

Petitioner appealed his conviction to the California Court of Appeal. On January 16, 2007, the court of appeal affirmed Petitioner's conviction.

Petitioner filed a petition for review in the California Supreme Court. On March 30, 2007, the supreme court summarily denied his petition.

On February 26, 2008, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. On October 16, 2008, the petition was summarily denied.

On March 6, 2008, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1).

On December 9, 2008, Petitioner filed the First Amended Petition. (ECF No. 15). Petitioner asserts four grounds for relief. In ground one, Petitioner contends the prosecutor failed to disclose material, exculpatory evidence in violation of his discovery obligations, and the trial judge abused his discretion by denying Petitioner's motion for a new trial. In ground

---

[1] In *Lopez*, the California Court of Appeal "explore[d] the responsibilities of the trial court in making an adequate record that a criminal defendant 'voluntarily and intelligently' elects to represent himself under *Faretta v. California*, 422 U.S. 806 (1975)." *Lopez*, 71 Cal. App. 3d at 570.

two, Petitioner contends that (a) the trial judge abused his discretion by failing to order a competency hearing or otherwise evaluate Petitioner's competency, and (b) Petitioner's waiver of the assistance of counsel was not knowing and voluntary because he was not informed of the maximum penalties he faced.  In ground three, Petitioner contends that he received ineffective assistance of counsel prior to, and after, his self-representation, and that the trial court erred by failing to address his claim of ineffective assistance of counsel raised in his motion for a new trial.  In ground four, Petitioner contends that the trial court improperly admitted evidence regarding the use of a firearm, when that allegation had previously been dismissed from counts one and two.

On March 25, 2009, Respondent filed an Answer.  (ECF No. 24).

On November 24, 2009, Petitioner filed a Traverse.  (ECF No. 43).  In the Traverse, Petitioner requested an evidentiary hearing.

On October 22, 2010, the Magistrate Judge issued the Report and Recommendation. (ECF No. 48).  The Magistrate Judge recommended that (1) the First Amended Petition should be granted as to the claim that Petitioner did not knowingly and voluntarily waive his right to counsel under *Faretta v. California*, 422 U.S. 806 (1975); (2) the First Amended Petition should be denied as to all other claims; and (3) Petitioner's request for an evidentiary hearing should be denied.  With respect to the *Faretta* claim, the Magistrate Judge stated:

> *Williams v. Taylor*[, 529 U.S. 362 (2000)], *Carey v. Musladin*[, 549 U.S. 70 (2006)], and *Van Tran v. Lindsey*[, 212 F.3d 1143 (9th Cir. 2000)] convince this Court that Respondent's contention that 'advice as to penalty is not a requirement imposed by any United States Supreme Court decision,' interprets *Faretta* too narrowly.  Duran's case is not one where potential penalties were not addressed.  Here, there was a material misstatement of the penalties.  Forty years to life is qualitatively different from twenty years with the possibility of parole.
>
> The validity of a defendant's waiver of the assistance of counsel is a mixed question of law and fact.  This Court's independent review of the record compels the conclusion that because of the material understatement of the maximum penalties he faced, Duran's waiver of his Sixth Amendment right to the assistance of counsel was not voluntary and intelligent.  As a result, the *Faretta* waiver was ineffective.
>
> A waiver of the right to counsel that is not knowing and intelligent is a violation of the Sixth Amendment and *Faretta*, and a harmless error analysis does not apply.  'A court's failure to secure a valid *Faretta* waiver, which includes an accurate advisement as to maximum penalties, constitutes per se

1    prejudicial error, and the harmless error standard is inapplicable.'

2    *Id.* at 39-40 (quoting *Gassoway v. Mendoza-Powers*, No. 2:08-cv-0652, 2010 U.S. Dist.

3    LEXIS 92158, at *16 (E.D. Cal., Aug. 13, 2010)) (quotation, citations and footnote omitted).

4        On November 10, 2010, Respondent filed an Objection to the Report and

5    Recommendation. (ECF No. 49). Respondent contends:

6        [T]he state court rejection of Duran's claim was reasonable because it was not
         in conflict, or unreasonably interpreted or applied, Supreme Court precedent.
7        Therefore, the R&R is flawed in its analysis and recommendation that Duran be
         granted relief on his claim that his *Faretta* waiver was constitutionally infirm
8        because he was not informed of an accurate estimate of the maximum amount
         of prison time he was potentially facing.
9
10   *Id.* at 6.

11       On November 12, 2010, Petitioner filed Objections to the Report and Recommendation.

12   (ECF No. 50). Petitioner contends that the Magistrate Judge erred in recommending that the

13   majority of his claims be denied.

14       On December 7, 2010, Petitioner filed a reply to Respondent's Objection. (ECF No.

15   52).

16                              STANDARD OF REVIEW

17       The duties of the district court in connection with a magistrate judge's report and

18   recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C.

19   § 636(b)(1). The district court must "make a *de novo* determination of those portions of the

20   report ... to which objection is made," and "may accept, reject, or modify, in whole or in part,

21   the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1).

22                                  DISCUSSION

23       The Court has considered all objections filed by the parties and reviewed *de novo* all

24   portions of the Report and Recommendation. In the Report and Recommendation, the

25   Magistrate Judge set forth the correct legal standard of review pursuant to 28 U.S.C. § 2254,

26   as amended by the Antiterrorism and Effective Death Penalty Act of 1996. The statute states:

27       An application for a writ of habeas corpus on behalf of a person in custody
         pursuant to the judgment of a State court shall not be granted with respect to any
28       claim that was adjudicated on the merits in State court proceedings unless the
         adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state court decision may not be overturned on habeas review, for example, because of a conflict with Ninth Circuit-based law, but rather a writ may issue only when the state court decision is 'contrary to, or involved an unreasonable application of,' an authoritative decision of the Supreme Court." *Moore v. Calderon*, 108 F.3d 261, 264 (9th Cir. 1997) (quoting 28 U.S.C. § 2254(d)), abrogated on other grounds by *Williams v. Taylor*, 529 U.S. 362 (2000).

With respect to Petitioner's claim that his waiver of the assistance of counsel was not knowing and intelligent because he was misinformed of the maximum penalties, the Magistrate Judge correctly set forth the relevant clearly established federal law. In *Faretta*, the Supreme Court stated:

When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must knowingly and intelligently forgo those relinquished benefits. Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.

*Faretta*, 422 U.S. at 835 (quotations and citation omitted); *see also Iowa v. Tovar*, 541 U.S. 77, 87-88 (2004) ("While the Constitution does not force a lawyer upon a defendant, it does require that any waiver of the right to counsel be knowing, voluntary, and intelligent."); *Patterson v. Illinois*, 487 U.S. 285, 297 (1988) ("[R]ecognizing the enormous importance and role that an attorney plays at a criminal trial, we have imposed the most rigorous restrictions on the information that must be conveyed to a defendant, and the procedures that must be observed, before permitting him to waive his right to counsel.") (citing *Faretta* at 835-36; *Von Moltke v. Gillies*, 332 U.S. 708, 723-24 (1948) ("The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the

nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.") (plurality opinion)).  The rule announced in *Faretta* is "a generalized standard."  *Williams*, 529 U.S. at 382 ("[R]ules of law may be sufficiently clear for habeas purposes even when they are expressed in terms of a generalized standard rather than as a bright-line rule....  'If the rule in question is one which of necessity requires a case-by-case examination of the evidence, then we can tolerate a number of specific applications without saying that those applications themselves create a new rule....  Where the beginning point is a rule of this general application, a rule designed for the specific purpose of evaluating a myriad of factual contexts, it will be the infrequent case that yields a result so novel that it forges a new rule, one not dictated by precedent.'") (quoting *Wright v. West*, 505 U.S. 277, 308-09 (1992) (Kennedy, J., concurring in judgment)).

The Magistrate Judge correctly found that, when applying *Faretta*'s generalized standard to the facts of this case, "because of the material understatement of the maximum penalties he faced, Duran's waiver of his Sixth Amendment right to the assistance of counsel was not voluntary and intelligent."  ECF No. 48 at 39-40; *see also U.S. v. Erskine*, 355 F.3d 1161, 1171 (9th Cir. 2004) ("[W]e conclude that Erskine did not understand the possible punishment he faced at the time he opted to forgo counsel, and thus did not intelligently and voluntarily waive his Sixth Amendment right....  [D]efendant did not know 'what he [wa]s doing,' and his decision was not 'made with eyes open.'") (quoting *Faretta*, 422 U.S. at 835).  The Magistrate Judge correctly stated that "[a] waiver of the right to counsel that is not knowing and intelligent is a violation of the Sixth Amendment and *Faretta*, and a 'harmless error analysis does not apply.'"  *Id*. at 40 (quoting *United States v. Forrester*, 512 F.3d 500, 509 (9th Cir. 2007)).  Accordingly, the trial court's decision to accept Petitioner's *Faretta* waiver as knowing and intelligent was contrary to, and an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  Respondent's objections are overruled, and the First Amended Petition is granted on the basis that Petitioner did not

1   knowingly and voluntarily waive his right to counsel under the Sixth Amendment and *Faretta*.

2   With respect to ground one of the First Amended Petition, the Magistrate Judge

3   correctly determined that the late delivery of the "detective follow-up report" (ECF No. 15 at

4   10) did not constitute a violation of the prosecutor's obligations under *Brady v. Maryland*, 373

5   U.S. 83 (1963), and the state courts correctly applied relevant Supreme Court precedent related

6   to this claim.  With respect to the first claim of ground two, the Magistrate Judge correctly

7   determined that the trial judge's failure to sua sponte conduct a competency hearing did not

8   violate Petitioner's constitutional right to due process.  With respect to ground three, the

9   Magistrate Judge correctly determined that Petitioner's claims of ineffective assistance of

10  counsel failed to satisfy the standard in *Strickland v. Washington*, 466 U.S. 668 (1984),

11  because, *inter alia*, Petitioner has failed to show prejudice.  With respect to ground four, the

12  Magistrate Judge correctly determined that the admission of evidence that Petitioner was

13  armed was not contrary to, or an unreasonable application of, clearly established federal law.

14  Petitioner's objections are overruled.

15                          CERTIFICATE OF APPEALABILITY

16  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district

17  court must issue or deny a certificate of appealability when it enters a final order adverse to

18  the applicant."  A certificate of appealability should be issued only where the petition presents

19  "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "[A]

20  [certificate of appealability] should issue when the prisoner shows ... that jurists of reason

21  would find it debatable whether the petition states a valid claim of the denial of a constitutional

22  right and that jurists of reason would find it debatable whether the district court was correct

23  in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

24  The Court finds that Petitioner raised colorable, nonfrivolous, constitutional arguments

25  with respect to the denied claims in grounds one, two and three of the First Amended Petition.

26  A certificate of appealability is granted as to those claims.

27                                  CONCLUSION

28  IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 48) is

1  ADOPTED in its entirety.

2      IT IS FURTHER ORDERED that the First Amended Petition for Writ of Habeas

3  Corpus (ECF No. 15) is conditionally GRANTED as to the claim that Petitioner did not

4  knowingly and voluntarily waive his right to counsel under the Sixth Amendment and *Faretta*.

5  No later than sixty (60) days from the date this Order is filed, Respondent shall dismiss the

6  charges against Petitioner and release Petitioner from custody, or initiate proceedings to retry

7  Petitioner.

8      IT IS FURTHER ORDERED that the First Amended Petition is DENIED as to all

9  remaining claims.  Petitioner's request for an evidentiary hearing is DENIED.  A certificate

10  of appealability is granted as to each of the denied claims in grounds one, two and three of the

11  First Amended Petition.

12      No later than sixty (60) days from the date this Order is filed, Respondent shall file a

13  status report.

14  DATED:  March 9, 2011

15                                    _William Q. Hayes_____

16                                    **WILLIAM Q. HAYES**
                                      United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28