1

2

3        **UNITED STATES DISTRICT COURT**

4        **SOUTHERN DISTRICT OF CALIFORNIA**

5

6    JOSEPH ALFONSO DURAN,                    CASE NO. 08cv430-WQH-RBB

7                              Petitioner,    **ORDER**

        vs.
8    MATTHEW CATE, Secretary of the
     California Department of Correction and
9    Rehabilitation,

10                            Respondent.

11   HAYES, Judge:

12        The matter before the Court is the Request to Stay Order Granting Writ of Habeas

13   Corpus Pending Resolution of Appeal, filed by Respondent.  (ECF No. 59).

14                              BACKGROUND

15        On March 9, 2011, the Court issued an Order which stated:

16        [T]he First Amended Petition for Writ of Habeas Corpus (ECF No. 15) is
          conditionally GRANTED as to the claim that Petitioner did not knowingly and
17        voluntarily waive his right to counsel under the Sixth Amendment and *Faretta*
          [*v. California*, 422 U.S. 806 (1975)].  No later than sixty (60) days from the date
18        this Order is filed, Respondent shall dismiss the charges against Petitioner and
          release Petitioner from custody, or initiate proceedings to retry Petitioner.
19
     (ECF No. 53).
20
          On April 15, 2011, Respondent filed the Request to Stay Order Granting Writ of Habeas
21
     Corpus Pending Resolution of Appeal.  (ECF No. 59).  Respondent states: "Pursuant to Rule
22
     8(a) of the Federal Rules of Appellate Procedure, Respondent (State) hereby requests that this
23
     Court stay the Order Granting in Part Petition for Writ of Habeas Corpus pending the
24
     resolution of the State's appeal to the United States Court of Appeals for the Ninth Circuit."
25
     *Id*. at 1.
26
                                 DISCUSSION
27
          "[A] district court retains jurisdiction to issue orders regarding the custody or
28
     enlargement of a [habeas corpus] petitioner even after an appeal has been taken."  *Stein v.*

                                    - 1 -                          08cv430-WQH-RBB

1   *Wood*, 127 F.3d 1187, 1190 (9th Cir. 1997) (citation omitted).  "This is not a case where the

2   district court would be deciding the same issues before the appeals court.  The district court

3   is merely deciding whether a condition placed on a habeas petitioner's custody has been met."

4   *Id.*  "[C]onditional orders are essentially accommodations accorded to the state, in that

5   conditional writs enable habeas courts to give States time to replace an invalid judgment with

6   a valid one.  The consequence when the State fails to replace an invalid judgment with a valid

7   one is always release."  *Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008) (quotations

8   omitted).  "[W]hen the State fails to cure the constitutional error, i.e., when it fails to comply

9   with the order's conditions, and it has not demonstrated that it deserves relief from the

10  judgment under [Federal] Rule [of Civil Procedure] 60 or the other mechanisms provided for

11  in the Rules, the conditional grant of habeas corpus *requires* the petitioner's release from

12  custody."  *Id.* at 750; *see also* Fed. R. App. P 23(c) ("While a decision ordering the release of

13  a prisoner is under review, the prisoner must–unless the court or judge rendering the decision,

14  or the court of appeals, or the Supreme Court, or a judge or justice of either court orders

15  otherwise–be released on personal recognizance, with or without surety.").

16          Federal Rule of Appellate Procedure 8 provides: "A party must ordinarily move first

17  in the district court for ... a stay of the judgment or order of a district court pending appeal...."

18  Fed. R. App. P. 8(a)(1); *see also* Fed. R. Civ. P. 62(c) ("While an appeal is pending from a ...

19  final judgment that grants ... an injunction, the court may suspend, modify ... or grant an

20  injunction on terms for bond or other terms that secure the opposing party's rights.").

21  "Although there is a 'presumption of release from custody' of a successful habeas petitioner

22  pending appeal, 'it may be overcome if the traditional stay factors tip the balance against it.'"

23  *Haggard v. Curry*, 631 F.3d 931, 934 (9th Cir. 2010) (quoting *Hilton v. Braunskill*, 481 U.S.

24  770, 774, 777 (1987); citing Fed. R. App. P. 23(c)).  Under both Federal Rule of Appellate

25  Procedure 8(a) and Federal Rule of Civil Procedure 62(c), "the factors regulating the issuance

26  of a stay are generally the same":

27          (1) whether the stay applicant has made a strong showing that he is likely to
            succeed on the merits; (2) whether the applicant will be irreparably injured
28          absent a stay; (3) whether issuance of the stay will substantially injure the other
            parties interested in the proceeding; and (4) where the public interest lies.

1  *Hilton*, 481 U.S. at 776 (citations omitted).  "The most important factor is the first, that is,

2  whether the state has made a strong showing of likely success on the merits of its appeal of the

3  district court's decision."  *Haggard*, 631 F.3d at 935 (citing *Hilton*, 481 U.S. 778).

4  Respondent contends that each of the four factors weighs in favor of staying this

5  Court's March 9, 2011 Order requiring Respondent to release Petitioner or initiate proceedings

6  to retry Petitioner within sixty days.  Respondent contends that "[t]he State is likely to succeed

7  on appeal because ... the United States Supreme Court has never [held] that misinformation as

8  to the maximum possible penalty invalidates a waiver of counsel."   (ECF No. 59 at 3).

9  Respondent contends: "[T]he prosecution will be irreparably injured if it is forced to retry the

10  case at this point, when the original state court judgment is likely to be vindicated on appeal";

11  "there is no prejudice to [Petitioner] from delaying a retrial in order to resolve the State's

12  appeal of this Court's order" because "[t]he evidence against petitioner is overwhelming"; and

13  "[t]he public clearly has a strong interest in permitting the appeal to be resolved before

14  commencing a costly expenditure of finite State resources on a retrial that may prove to be

15  unwarranted if the state prevails on appeal."  *Id*. at 6.

16  The Court has considered the *Hilton* factors as applied to this case.  For the reasons

17  stated in the Report and Recommendation (ECF No. 48) and the March 9, 2011 Order (ECF

18  No. 53), the Court does not find that there is "substantial likelihood of success on appeal,"

19  although Respondent has demonstrated a "substantial case on the merits."  *Hilton*, 481 U.S.

20  at 778 ("Where the State establishes that it has a strong likelihood of success on appeal, or

21  where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued

22  custody is permissible if the second and fourth factors in the traditional stay analysis militate

23  against release.").   Respondent has a substantial interest in "continuing custody and

24  rehabilitation pending a final determination of the case on appeal" given the remaining portion

25  of the sentence to be served by Petitioner is lengthy.  *Id*. at 777 ("The State's interest in

26  continuing custody and rehabilitation pending a final determination of the case on appeal is

27  also a factor to be considered; it will be strongest where the remaining portion of the sentence

28  to be served is long, and weakest where there is little of the sentence remaining to be served.").

1  Respondent's showing of "irreparable injury"—i.e., that the State will be "forced to retry the
2  case at this point, when the original state court judgment is likely to be vindicated on appeal"
3  (ECF No. 59 at 6)—could be argued in any habeas proceeding when a district court's decision
4  ordering release or a new trial is appealed. The Court finds that this factor does not weigh
5  strongly in favor of overcoming the "'presumption of release from custody' of a successful
6  habeas petitioner pending appeal." *Haggard*, 631 F.3d at 934 (quoting *Hilton*, 481 U.S. at 774;
7  citing Fed. R. App. P. 23(c)). Petitioner's "interest ... in release pending appeal" is "always
8  substantial." *Hilton*, 481 U.S. at 777. The public interest in preserving State resources on a
9  retrial which may prove unnecessary weighs in favor of a stay.

10  After weighing the relevant factors, the Court finds that Respondent has failed to
11  overcome the "presumption of release from custody" by showing that "the traditional stay
12  factors tip the balance against [the presumption of release]." *Haggard*, 623 F.3d at 1039
13  (quotations omitted). Accordingly, the request to stay the March 9, 2011 Order for the entire
14  duration of the appeal is denied. However, Respondent has made a sufficient showing as to
15  the *Hilton* factors to warrant granting Respondent a stay of sixty days to allow Respondent to
16  file a motion in the Court of Appeals for a stay pending resolution of the appeal. *See* Fed. R.
17  App. P. 8(a)(2).

18  CONCLUSION

19  IT IS HEREBY ORDERED that the Request to Stay Order Granting Writ of Habeas
20  Corpus Pending Resolution of Appeal is DENIED. (ECF No. 59).

21  IT IS FURTHER ORDERED that, pursuant to Federal Rule of Appellate Procedure
22  8(a)(1), the March 9, 2011 Order of this Court, and the accompanying Judgment (ECF Nos.
23  53, 54), are STAYED for SIXTY (60) DAYS from the date this Order is filed. Unless
24  subsequently modified by this Court or the Court of Appeals, this stay shall lift automatically
25  without further order of this Court sixty days from the date this Order is filed.

26  DATED: April 27, 2011

27  *William Q. Hayes*
**WILLIAM Q. HAYES**
28  United States District Judge

- 4 -                                    08cv430-WQH-RBB