# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ALFONSO DURAN,<br><br>　　　　　　　　Petitioner,<br>　vs.<br>JEFFERY BEARD, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　　　　Respondent, | CASE NO. 8cv430-WQH (RBB)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 118) issued by United States Magistrate Judge Ruben B. Brooks, denying Petitioner Joseph Alfonso Duran's request for an evidentiary hearing (ECF No. 43) and recommending that this Court deny Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 15).

## BACKGROUND

In 2004, Petitioner was charged in San Diego County Superior Court with carjacking, robbery, the unlawful taking and driving of a vehicle, and buying, receiving, concealing, selling, or withholding a stolen vehicle. During the pendency of his case, Petitioner sought to represent himself. At a hearing on October 28, 2004, the trial court asked Petitioner to fill out an "Acknowledgment Concerning Right to

Self-Representation" form pursuant to *People v. Lopez*, 71 Cal. App. 3d 568 (1977).[1] (Lodgment No. 1 at 19). Paragraph two of the form identifies "[t]he maximum punishment(s) that can be imposed upon conviction for the offense(s)." *Id*. The first figure that appeared in paragraph two of the form was "9y." *Id*. The "9y" was crossed out and replaced with "18 years." *Id*. The "18" was crossed out and replaced with "20." *Id*. The final version, which Petitioner and the trial court signed, stated "20 years." *Id*.

On January 13, 2005, the prosecutor filed an amended information. On January 14, 2005, Petitioner was arraigned on the amended information. The prosecutor stated that he "discovered that Mr. Duran is not a second striker but a third striker." (Lodgment No. 24 at 2). The prosecutor also stated that Petitioner facing "perhaps 25 years to life on this case." *Id*. at 6.

Petitioner represented himself at trial. On February 4, 2005, the jury convicted Duran of carjacking, robbery, and the unlawful taking and driving of a vehicle. The jury found him not guilty of buying, receiving, concealing, selling, or withholding a stolen vehicle.

Petitioner admitted to convictions for assault with a deadly weapon on May 26, 1999, and theft of a firearm on March 1, 1991. Petitioner admitted to two strikes and two prison priors, including one violent prison prior. The trial court sentenced Petitioner to thirty-five years to life in state prison.

Petitioner appealed his conviction to the California Court of Appeal. On January 16, 2007, the Court of Appeal affirmed Petitioner's conviction. Petitioner filed a petition for review in the California Supreme Court. On March 30, 2007, the California Supreme Court summarily denied his petition.

On February 26, 2008, Petitioner filed a petition for writ of habeas corpus in the

---

[1] In *Lopez*, the California Court of Appeal "explore[d] the responsibilities of the trial court in making an adequate record that a criminal defendant 'voluntarily and intelligently' elects to represent himself under *Faretta v. California*, 422 U.S. 806 (1975)." *Lopez*, 71 Cal. App. 3d at 570.

California Supreme Court. On October 16, 2008, the petition was summarily denied.

On March 6, 2008, Petitioner filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. section 2254. (ECF No. 1).

On December 9, 2008, Petitioner filed the First Amended Petition. (ECF No. 15). Petitioner asserts four grounds for relief. In ground one, Petitioner contended the prosecutor failed to disclose material, exculpatory evidence in violation of his discovery obligations, and the trial judge abused his discretion by denying Petitioner's motion for a new trial. In ground two, Petitioner contended that (a) the trial judge abused his discretion by failing to order a competency hearing or otherwise evaluate Petitioner's competency, and (b) Petitioner's waiver of the assistance of counsel was not knowing and voluntary because he was not informed of the maximum penalties he faced. In ground three, Petitioner contended that he received ineffective assistance of counsel prior to, and after, his self-representation, and that the trial court erred by failing to address his claim of ineffective assistance of counsel raised in his motion for a new trial. In ground four, Petitioner contended that the trial court improperly admitted evidence regarding the use of a firearm, after that allegation had previously been dismissed from counts one and two.

On March 25, 2009, Respondent filed an Answer. (ECF No. 24). On November 24, 2009, Petitioner filed a Traverse. (ECF No. 43). In the Traverse, Petitioner requested an evidentiary hearing.

On October 22, 2010, the Magistrate Judge issued a Report and Recommendation. (ECF No. 48). The Magistrate Judge recommended that (1) the First Amended Petition should be granted as to the claim that Petitioner did not knowingly and voluntarily waive his right to counsel under *Faretta v. California*, 422 U.S. 806 (1975); (2) the First Amended Petition should be denied as to all other claims; and (3) Petitioner's request for an evidentiary hearing should be denied.

On March 9, 2011, this Court adopted the Report and Recommendation (ECF No. 48) in its entirety. (ECF No. 53).

On April 4, 2011, Respondent Matthew Cate filed an appeal in the Court of Appeals for the Ninth Circuit. (ECF No. 55). On November 29, 2012, the Ninth Circuit issued an order vacating this Court's Order granting habeas relief and remanding the case for reconsideration of Petitioner's amended petition in light of arguments presented by Respondent for the first time at oral argument. (ECF No. 75). Specifically, the Ninth Circuit directed the Court to:

> (1) consider "the state's new position that the state trial judge correctly advised Duran of his maximum punishment (20 years) at the time of the October 28, 2008 *Faretta* waiver";
>
> (2) review "state court records regarding Duran's January 14, 2005 arraignment on the amended information";
>
> (3) "make factual findings on the full extent of the advice that the state trial judge gave Duran regarding his rights during the January 14, 2005 arraignment, including (1) . . . the maximum punishment he faced upon conviction and (2) whether Duran was advised of his Sixth Amendment right to counsel"; and
>
> (4) "issue a ruling on all of the claims in Duran's amended habeas petition, including Duran's *Faretta* claim."

*Id.*

On January 22, 2013, Respondent and Petitioner filed supplemental briefs. (ECF Nos. 76, 77).

On March 27, 2013, Respondent submitted a Second Supplemental Lodgment (ECF No. 86). On September 9, 2013, Petitioner filed Briefing in Response to Supplemental Lodging and Respondent's Brief re Further Proceedings. (ECF No. 99). On October 18, 2013, Respondent filed a Response Brief to Second Supplemental Lodgment and Further Proceedings. (ECF No. 103). On January 27, 2014, Petitioner filed a Reply to Respondent's Brief. (ECF No. 110). On February 10, 2014, the Court requested additional breifing from Respondent addressing the merits of the ineffective assistance of counsel claim raised by Petitioner (ECF No. 112). On February 25, 2014, Respondent Beard filed a response. (ECF No. 113). On March 8, 2014, Petitioner filed a reply. (ECF No. 116).

On October 29, 2014, United States Magistrate Judge Ruben B. Brooks, issued

a Report and Recommendation. (ECF No. 118). The Magistrate Judge made factual findings that (1) Petitioner was informed at the January 14, 2005 arraignment that a second strike had been alleged and that he was facing at least twenty-five years to life in prison; (2) the state judge did not re-advise Petitioner of his right to counsel at the January 14, 2005 arraignment; and (3) the state trial judge urged Petitioner on multiple occasions to speak to his defense counsel in another criminal case and consider the cumulative effects of the choices he was making. The Magistrate Judge recommends that the Court deny Petitioner's first ground for habeas relief because there was no constitutional violation, and the state court correctly applied the Supreme Court law. The Magistrate Judge recommends that the Court deny Petitioner's second ground for habeas relief:

> Viewing the record as a whole, the state court's denial of Petitioner's claim that his October 28, 2004 waiver of counsel was not knowing and intelligent was neither contrary to, nor an unreasonable application of, clearly established law. Moreover, nothing that occurred at the January 14, 2005 arraignment or during subsequent proceedings altered the validity of Duran's *Faretta* waiver. The state court's denial of Duran's claim that his October 28, 2004 *Faretta* waiver was invalid was neither contrary to, nor an unreasonable application of, clearly established law. Additionally, because there is no clearly established Supreme Court law that a substantial change in circumstances invalidates a *Faretta* waiver that was valid when given, this subclaim also fails.

(ECF No. 118 at 50). The Magistrate Judge recommends that the Court deny Petitioner's third ground for habeas relief because Petitioner's subclaim of ineffective assistance of trial counsel related to plea bargaining was not presented in Petitioner's Amended Petition and therefore not subject to consideration on remand from Court of Appeals for the Ninth Circuit. The Magistrate Judge further concluded that even if the claim is properly before the court and technically exhausted, the claim is procedurally defaulted. The Magistrate Judge recommends that the Court deny Petitioner's fourth ground for habeas relief because the admission of evidence that Petitioner was armed was not contrary to, or an unreasonable application of, clearly established federal law. The Magistrate Judge denied Petitioner's request for an evidentiary hearing.

On January 30, 2015, Petitioner filed an Objection to the Report and

1  Recommendation. (ECF No. 122). Petitioner has three specific objections:

2  (1) Petitioner objects to the Magistrate's finding that the trial court had, on "multiple occasions" urged Petitioner to consult with his El Cajon attorney, appointed in a separate case in a different courthouse.

3  

4  (2) Petitioner objects to the Magistrate Judge's conclusion that the state court did not violate *Faretta* because this conclusion rests on the application of the wrong standard.

5  

6  (3) Petitioner objects to the Magistrate's assessment of his IAC claims.

7  *Id*. at 2-3.

8  On February 18, 2015, Respondent Beard filed a reply to Petitioner's Objections

9  to the Report and Recommendation. (ECF No. 124).

10  **LEGAL STANDARD**

11  The duties of the district court in connection with a report and recommendation

12  of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28

13  U.S.C. section 636(b)(1). When a party objects to a report and recommendation, the

14  district court must "make a de novo determination of those portions of the report ... to

15  which objection is made," and "may accept, reject, or modify, in whole or in part, the

16  findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1).

17  **DISCUSSION**

18  **Petitioner's First Objection**

19  Petitioner agrees that on January 14, 2005 the state trial court advised Petitioner

20  that a second strike had been added and he was facing a 25 to Life sentence under the

21  three strikes law. Petitioner further agrees that the state trial judge failed to re-offer to

22  appoint counsel or re-advise Petitioner of his right to counsel under *Faretta*. However,

23  Petitioner objects to the finding that the state trial judge urged Petitioner to speak to his

24  El Cajon attorney "on multiple occasions." Petitioner contends that the finding should

25  be stricken as non-responsive to the Ninth Circuit's order.

26  Respondent Beard contends that the Magistrate Judge's factual finding that the

27  state trial court encouraged Petitioner to consider discussing his case with his El Cajon

28  attorney multiple times during the January 14, 2005 arraignment is responsive to the

Ninth Circuit's order for "factual findings on the full extent of the advice that the state trial judge gave Duran regarding his rights during the January 14, 2005 arraignment…." (ECF No. 124 at 2).

The Ninth Circuit's order directed the Court to "make factual findings on the full extent of the advice that the state trial judge gave Duran regarding his rights during the January 14, 2005 arraignment, including (1) . . . the maximum punishment he faced upon conviction and (2) whether Duran was advised of his Sixth Amendment right to counsel." (ECF No. 75). The Magistrate's Judge's factual finding that the state trial judge urged Petitioner to speak with his defense counsel in the El Cajon case and consider the cumulative effects of the choices he was making is responsive to the Ninth Circuit's order because it relates to the advice that the state trial judge gave Petitioner regarding his rights during the January 14, 2005 arraignment. Petitioner's first objection is overruled.

**Petitioner's Second Objection**

Petitioner objects to the Magistrate Judge's recommendation that the Court deny ground two of the Petition, based on a violation of *Faretta*. Petitioner contends that the Magistrate Judge's analysis applies the wrong standard because it focuses "on what the trial court said" and "not on what [Petitioner] understood." (ECF No. 122 at 5). Petitioner contends that there is no evidence that the state court judge sought to clarify Petitioner's understanding, re-offered counsel, asked Petitioner if he had changed his mind, or asked Petitioner if he wanted to retract his *Faretta* waiver. Petitioner contends that the state trial judge gave every indication that Petitioner was irrevocably stuck in his *pro per* status, making his waiver of counsel coerced.

Respondent contends that this objection was sufficiently addressed in Respondent's Response Brief to Second Supplemental Lodgment and Further Proceedings (ECF No. 103) and in the Report and Recommendation (ECF No. 118).

**I.      Proper standard**

"[W]hen the state court reaches a decision on the merits but provides no reasoning to support its conclusion[,] ... [the federal habeas court] independently review[s] the record to determine whether the state court clearly erred in its application of Supreme Court law." *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.2000) ("Federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law."). 28 U.S.C. section 2254 states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state court decision may not be overturned on habeas review, for example, because of a conflict with Ninth Circuit-based law, but rather a writ may issue only when the state court decision is 'contrary to, or involved an unreasonable application of,' an authoritative decision of the Supreme Court." *Moore v. Calderon*, 108 F.3d 261, 264 (9th Cir. 1997) (quoting 28 U.S.C. § 2254(d)), abrogated on other grounds by *Williams v. Taylor*, 529 U.S. 362 (2000).

**A.      Whether the *Faretta* waiver was knowing and voluntary**

"[*Faretta*] mandated no specific litany or formula to ensure that waiver of counsel are knowing and intelligent." *Lopez v. Thompson*, 202, F.3d 1110, 1119 (9th Cir. 2000). Instead, the court examines the record as a whole to determine if the trial court made the defendant "'aware of the dangers and disadvantages of self-representation.'" *Id*. at 1117 (quoting *Faretta v. California*. 422 U.S. 806, 835 (1975)). In *Lopez* the court noted that, while not mandated, the suggested procedure for federal

district court accepting a waiver of the assistance of counsel was to discuss with the defendant "whether the waiver was knowingly and intelligently made, with an understanding of the charges, the possible penalties and the dangers of self-representation." *Lopez*, 202 F.3d at 1117 (citing *United States v. Harris*, 683 F.2d 322, 324 (9th Cir. 1982); *United States v. Balough*, 820 F.2d 1485, 1488 (9th Cir. 1987)). *Lopez* was brought under Section 2254; there, the court construed *Faretta* as a rule of general application requiring it to examine the "record as a whole." *Lopez*, 202 F.3d at 1118.

The Magistrate Judge correctly stated the standard applicable when the state court reaches a decision on the merits but the state court does not provide any reasoning to support its conclusion. The Magistrate Judge correctly applied the established standard and found that "[t]here is no clearly established law requiring the court to advise a defendant of all possible future consequences," and "the advice provided to [Petitioner] at the *Faretta* hearing more than satisfied the constitutional requirement. (ECF No. 118 at 44). The Magistrate Judge correctly concluded that that "[c]onsidering the record as a whole, the state court's conclusion that [Petitioner's] October 28, 2004 *Faretta* waiver was knowing and voluntary was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent."

**B.     Whether the change in circumstances invalidated the *Faretta* waiver**

There is no Supreme Court law requiring the re-advisement of a right to counsel following a substantial change in circumstances once a valid *Faretta* waiver has been made. *Becker v. Martel*, 472 Fed. App'x 823, 824 (9th Cir. 2012). In Becker, the Ninth Circuit concluded that "[b]ecause the Supreme Court has not squarely established that, after a valid *Faretta* waiver, criminal defendants must be re-advised of the right to counsel following the addition of new charges against them, the California Court's [denial of the claim] was not unreasonable." *Id*.

The Magistrate Judge correctly concluded that "because there is no clearly established Supreme Court law that a substantial change in circumstances invalidates

a *Faretta* waiver that was valid when given, this subclaim ... fails. (ECF No. 118 at 44, 50). Petitioner's second objection is overruled.

**Petitioner's Third Objection**

Petitioner objects to the Magistrate Judge's conclusion that "the issue of ineffective counsel during plea negotiations was not included in the Amended Petition" and "because this issue was not raised there, the Court declines to address it on remand." (ECF No. 118 at 63). Petitioner contends that to plead a claim, he need only state the operative facts and legal theory. Petitioner contends that he cited the relevant federal legal authority and stated the operative facts. Petitioner contends that he also attached relevant portions of the record to his handwritten claim which indicated that at the time he was misadvised, he had a plea offer of "stip 15." Petitioner contends that having been advised that he was only facing a maximum of twenty years, Petitioner rejected the offer of "stip 15," and insisted on representing himself and ended up with a more severe sentence of forty years to life.

Petitioner further objects to the Magistrate Judge's finding that the IAC claim was not exhausted because it was not sufficiently pled in the petition filed with the California Supreme Court. Petitioner contends that he stated the operative facts and the legal standard in his petition to the California Supreme Court. Petitioner contends that "[c]onstruing his state petition leniently, as we must, it exhausted the IAC argument and he can now raise the claim that the IAC of his counsel prejudiced him by preventing him from assessing the true benefit of the plea offer of 'stip fifteen' and the later offer of eight years." (ECF No. 122 at 20).

Respondent contends that "as was addressed in Respondent's Response Brief to Second Supplemental Lodgment and Further Proceedings (ECF No. 103 at 18-19), and in Respondent's Brief (ECF No. 113), this claim is unexhausted and, in any event, meritless. The Report and Recommendation (ECF No. 118) is correct on this issue." (ECF No. 124 at 3).

**I.    Petitioner's contention that the IAC claim was sufficiently pled in the federal petition and should be addressed by this court**

"To be afforded a hearing in a [section] 2254 proceeding, the petitioner is required to allege facts with sufficient specificity to support his claim for relief." *Wacht v. Cardwell*, 604 F.2d 1245, 1246 (9th Cir. 1979). "The 'Rules Governing Section 2254 Cases' provide that the petition ' . . . shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified.'" *Wacht*, 604 F.2d at 1247 (quoting Rule 2(c), 28 U.S.C. foll. § 2254).

The record indicates and the Magistrate Judge correctly found that "[n]either [Petitioner's Amended Petition, nor Petitioner's Traverse] refers to plea negotiations or advice from defense counsel about possible plea bargains." ECF No. 118 at 62; *see also* ECF No. 15-2; ECF No. 43-1. The Magistrate Judge correctly concluded that "the issue of ineffective counsel during plea negotiations was not included in the Amended Petition," and "[b]ecause this issue was not raised there, the Court declines to address it on remand." *Id*. at 63. To the extent Petitioner's third objection to the assessment of his IAC claims is based on the contention that the IAC claim was sufficiently pled in the federal petition, Petitioner's objection is overruled.

**II.     Petitioner's contention that the IAC claim was fairly presented in the state petition, and therefore, it was exhausted**

28 U.S.C. section 2254(b)(1) states:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "[E]xhaustion of state remedies requires that petitioners fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners federal rights." *Duncan v.*

*Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)) (internal quotation omitted). "[P]etitioners must plead their claims with considerable specificity before the state courts in order to satisfy the exhaustion requirement." *Rose v. Palmateer*, 395 F.3d 1108, 1111 (9th Cir. 2005). "A habeas petitioner ... meets the technical requirements for exhaustion[] [if] there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

The record indicates and the Magistrate Judge correctly found that "[t]he state petition does not mention any plea negotiations or plea offers that were considered or rejected" and "Petitioner failed to allege the claim of ineffective assistance of counsel during plea negotiations in his petition to the California Supreme Court." (ECF No. 118 at 64-65). However, the Magistrate Judge correctly concluded that "based on California's rule barring untimely petition for post-conviction relief ... Petitioner no longer has state court remedies available with respect to this claim," and, therefore, Petitioner's claim for ineffective assistance of counsel during plea negotiations is "technically exhausted." *Id*. at 66.

The Court of Appeals for the Ninth Circuit has held that claims which are "technically exhausted" are procedurally defaulted if the procedural rule that would be imposed is independent and adequate. *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). The Magistrate Judge correctly found that "[t]he Supreme Court has concluded that California's untimeliness rule is an independent and adequate state procedural rule. Accordingly, Petitioner's 'technically exhausted' claim is procedurally defaulted." *Id*. at 67 (citing *Walker v. Martin*, 562 U.S. __, 131 S. Ct. 1120, 1128-30 (2011).

To the extent Petitioner's third objection to the assessment of his IAC claims is based on the contention that the IAC claim was exhausted, Petitioner's objection is overruled.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a petitioner in order to pursue

an appeal from a final order in a section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner has raised colorable, nonfrivolous arguments. The Court grants a certificate of appealability.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 118) is ADOPTED in its entirety. The Amended Petition for Writ of Habeas Corpus (ECF No. 15) is DENIED.

IT IS FURTHER ORDERED that Petitioner's request for an evidentiary hearing is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is GRANTED.

DATED: April 21, 2015

**WILLIAM Q. HAYES**
United States District Judge